The STATE of Ohio, Appellee,

v.

RIHM, Appellant.

[Cite as *State v. Rihm* (1995), 101 Ohio App.3d 626.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 94–CA–47.

Decided March 8, 1995.

*Stephen A. Schumaker*, Clark County Prosecuting Attorney, and *Michael Shiels*, Assistant Prosecuting Attorney, for appellee.

*William D. Meily*, for appellant.

FREDERICK N. YOUNG, Judge.

Christopher J. Rihm appeals from his conviction and sentence for domestic violence entered by the Clark County Municipal Court of Springfield, Ohio.

On April 2, 1994, Rihm was charged, by way of complaint, with one count of domestic violence pursuant to R.C. 2919.25(A). The charge arose from allegations that he had shoved his wife, Corinne, twice in the back and then backed her up against a wall in their hallway, daring her to hit him.

Rihm was tried by the bench on this charge on May 27, 1994. At the close of the prosecutor's case-in-chief, the defense moved for an acquittal on the grounds that there was no evidence that Rihm knowingly caused or attempted to cause physical harm to his wife. After giving the prosecution a chance to respond to the defense's motion for acquittal, the trial court noted that it was inclined to grant the defense's motion "to a certain extent," inasmuch as the state had failed to produce sufficient evidence to demonstrate beyond a reasonable doubt that Rihm had committed a violation under division (A) of R.C. 2919.25. However, the court stated that the prosecution *had* adduced sufficient evidence to demonstrate that Rihm had committed a violation under division (C) of R.C. 2919.25 and further stated that it would allow the state to proceed with its prosecution under that division of the domestic violence statute. The court opined that amending the complaint to charge Rihm with violating R.C. 2919.25(C) instead of 2919.25(A) was permissible under Crim.R. 7 since it did not change the name or identity of the crime.

The prosecution moved to amend the complaint to charge Rihm with violating R.C. 2919.25(C), and the defense noted its objection for the record. After the defense presented its case, the court found Rihm guilty of violating R.C. 2919.25(C). The court imposed a ten-day jail sentence on Rihm, which it suspended, and then placed Rihm on probation for four months with the condition that he not attempt to contact his wife during that time.

On June 27, 1994, Rihm filed a timely notice of appeal from his conviction and sentence. On August 1, 1994, he moved this court for a stay of execution of his

sentence pending appeal. In an August 17, 1994 decision and entry, this court ruled as follows:

"[W]e decline to grant a stay given the nature of the charge and the importance that [Rihm] remain under supervised probation to prevent any reoccurrence. As a result of this decision, however, we acknowledge that this appeal would not become moot as a result of [Rihm] voluntarily paying his fine and serving his sentence and therefore remains subject for determination even after the expiration of his probation."

This case is now properly before us. Rihm presents two assignments of error for our consideration.

In his first assignment of error, Rihm argues that:

"The trial court erred in permitting the prosecution to amend its charge as said amendment changed the name and identity of the charge in contravention of Ohio Rule of Criminal Procedure 7(D)."

Under this assignment of error, Rihm concedes (in contradiction of his statement of the assignment of error) that the amendment to the complaint did not change the "name" of the offense because under either division (A) or (C) of R.C. 2919.25, the name of the offense is still "domestic violence." However, Rihm insists, the amendment to the complaint did change the "identity" of the offense and, therefore, it violates Crim.R. 7(D). We agree.

Crim.R. 7(D) provides, in relevant part:

"The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.*" (Emphasis added.)

R.C. 2919.25 provides, in relevant part:

"(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

" * * *

"(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."

It is readily apparent that amending a complaint so that it charges a violation under R.C. 2919.25(C) instead of 2919.25(A) changes the "identity of the crime charged" in contravention of Crim.R. 7(D). The state was not required to show that Rihm had knowingly caused or attempted to cause physical harm to his

wife to gain a conviction under R.C. 2919.25(C), nor would it have been obligated to show that Rihm had knowingly caused his wife to believe that he would cause her imminent physical harm to gain a conviction under R.C. 2919.25(A). Since the two offenses contain different material elements, amending the complaint by substituting one charge for the other changed the identity of the crime. *State v. Woody* (1986), 29 Ohio App.3d 364, 365, 29 OBR 493, 494, 505 N.E.2d 646, 647; see, also, *State v. Jackson* (1992), 78 Ohio App.3d 479, 482–483, 605 N.E.2d 426, 428–429 (name and identity of offense changed when Uniform Traffic Ticket, which charged defendant with "driving under court suspension" in violation of R.C. 4507.02[D][1], was amended to charge defendant with "driving without paying a license reinstatement fee" in violation of R.C. 4507.02[C] ). As Rihm did not consent to the amendment but, indeed, objected to it, the amendment was improper. *Id.*

Moreover, because Crim.R. 7(D) flatly prohibits an amendment to an indictment, information, or complaint which changes the name or identity of the crime charged therein, Rihm "need not demonstrate that he suffered any prejudice as a result of the forbidden amendment." *Middletown v. Blevins* (1987), 35 Ohio App.3d 65, 67, 519 N.E.2d 846–849.

Finally, we disagree with the state's assertion that the amendment to the complaint was permissible, since R.C. 2919.25(C) is a lesser included offense of R.C. 2919.25(A). Although we agree that "[u]nder Crim.R. 7(D), the original indictment [, information, or complaint] can be amended during trial if the amended charge is a lesser included offense of the original charge," *State v. Briscoe* (1992), 84 Ohio App.3d 569, 572, 617 N.E.2d 747, 749, citing *Blevins, supra*, we are convinced.that R.C. 2919.25(C) is not a lesser included offense of R.C. 2919.25(A).

The Ohio Supreme Court has held that "[a]n offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (*State v. Kidder* [1987], 32 Ohio St.3d 279, 513 N.E.2d 311, modified.)" *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus.

In this case, it is clear that the second prong of the test cannot be met because R.C. 2919.25(A), as statutorily defined, can be committed without also committing the lesser offense of R.C. 2919.25(C), as statutorily defined. For example, a defendant who knowingly causes or attempts to cause physical harm to a family or household member by "blind-siding" her or attacking her while she is asleep, and then leaves immediately thereafter, has not caused the victim to believe that

he *will* cause her imminent physical harm; he has already done so and then broken off the attack. In such an instance, the defendant may be convicted under R.C. 2919.25(A) but not 2919.25(C). Hence, R.C. 2919.25(C) is not a lesser included offense of R.C. 2919.25(A), and the amendment to the complaint in this case cannot be justified under Crim.R. 7(D) on that basis.

Rihm's first assignment of error is sustained, and his conviction on the charge of domestic violence pursuant to R.C. 2919.25(C) must be reversed. See *Jackson, supra,* 78 Ohio App.3d 479, 605 N.E.2d 426 (judgment reversed, no remand).

In his second assignment of error, Rihm argues:

"The trial court's finding of guilt was against the manifest weight of the evidence and there was insufficient evidence to justify a finding of guilt."

Given our treatment of Rihm's first assignment of error, we find that Rihm's second assignment of error is moot and is therefore overruled.

The judgment of conviction is reversed and the defendant is discharged.

*Judgment reversed.*

WOLFF and GRADY, JJ., concur.