Calvin Howard appeals from his conviction in the Dayton Municipal Court of child endangering in violation of R.C. 2919.22 and domestic violence in violation of R.C. 2919.25(C).
The facts underlying these convictions are set out in the appellant's brief and are supported by our review of the record.
This case concerns the actions of two young people who have a child together. Calvin Howard, age 18, and Tiara Watson, age 15, are the parents of Cionna Howard who was four months old at the time of this incident. (Tr. 2). Calvin did not live with Tiara and Cionna but visited often with the two at Tiara's mom's, Regina Evans' house on Wexford Place in Hilltop Homes in Dayton.
On August 30, 1998, Calvin went to see Tiara. (Tr. 108). Once in the house, there was a confrontation between the two during which appellant struck Tiara in the face. After an extensive argument Calvin picked up the child and left the house. It is undisputed that Tiara pursued Calvin with a knife in her hand. (Tr. 27, 110). Tiara testified that Calvin was not supporting the baby's head while he was running with the child and that he almost fell down a hill. There was testimony he ran with the child for almost two city blocks.
Tiara approached Calvin with the knife. (Tr. 32). Tiara hit Calvin in the shoulder or head as he is holding Cionna. (Tr. 32, 74, 84-85, 113). She also poked at him with the knife. (Tr. 75, 82, 93, 114). Calvin handed Cionna to Tiara's 12 year old sister Shamika and there was a fight between the two parents. (Tr. 312-33, 76).
Shamika testified she saw the defendant hold Cionna over his head in the alley and threaten to drop her. (Tr. 60, 61). Shamika heard the defendant state that he "hopes this baby has brain damage, and we are going to go somewhere very far and you are not going to see this baby again or me, we're going to hide somewhere where won't nobody find us." (Tr. 62). Shamika also saw Howard carrying the baby without supporting her head. (Tr. 62). Shamika saw a bruise on the child's face after the incident and she said the bruise was not there before Howard arrived. (Tr. 70). Appellant's first assignment of error is as follows:
 THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF DOMESTIC VIOLENCE PURSUANT TO R.C. § 2919.25(C) AS A LESSER INCLUDED OFFENSE TO R.C. 2919.25(A).
The State concedes the trial court erred in finding the defendant guilty of domestic violence pursuant to R.C. 2919.25(C) as that offense is not a lesser included offense of R.C. 2919.25(A).See, State v. Rihm (1995), 101 Ohio App.3d 626.
In his second assignment, Howard argues that his conviction was against the manifest weight of the evidence. Howard argues the record does not support a finding that he recklessly created a situation that posed a substantial risk to the health or safety of the child. We disagree.
The appellant argues that it was Tiara's actions, not his, that created a substantial risk to the health and safety of their child. The trial court noted that while Tiara's actions were more grievous than appellant's, the court still found that the appellant's actions of taking the child and running down the street, created a substantial risk to the health and safety of the child, regardless of the improper reaction of the mother. (Tr. 155-157). The trial judge went further to state that the act itself of running down the street with the child when angered, could cause shaken baby syndrome or any number of injuries to the child. (Tr. 160-161).
The Ohio Supreme Court has addressed the standard to be used by appellate courts in reviewing a claim that a judgment is against the manifest weight of the evidence. State v. Thompkins (1997), 78 Ohio St.3d 380. The court stated at page 387 of the opinion:
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagree with the fact finder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").
After reviewing the record in this case we cannot say the evidence weighs heavily against appellant's conviction. The State's evidence established that the appellant recklessly created a substantial risk of harm to the child by running with her without holding her head. The second assignment of error is overruled.
The defendant's conviction for domestic violence is hereby Reversed, the defendant's conviction for child endangering is Affirmed.
GRADY, P.J., and YOUNG, J., concur.
Copies mailed to:
Colette Moorman
Arvin S. Miller
Hon. John Pickrel