OPINION
Appellant Ronald Thornton was indicted on January 29, 1992 for one count of aggravated robbery and one count of aggravated murder, both having firearm specifications. Pursuant to plea negotiations, the prosecutor amended the indictment to include simple murder as a lesser included offense of aggravated murder. Thornton then plead guilty to murder and aggravated robbery. Both of the firearm specifications were dismissed. On May 11, 1992, Thornton was sentenced to five to twenty-five years for the aggravated robbery charge, to be served consecutively with fifteen years to life for the murder charge.
Thornton filed an appeal out of time on June 24, 1992 which was dismissed by this court. A few months later, Thornton filed a motion for leave to file a delayed appeal which was denied by this court on October 29, 1992 on the basis that he did not present sufficient evidence of likelihood of success as required by the rule at that time.
On September 22, 1997, over five years after he was sentenced, Thornton filed a motion to withdraw his guilty plea. The trial court overruled this motion on August 26, 1998. Again, Thornton filed an appeal out of time which was dismissed by this court. On November 13, 1998, Thornton filed a motion for leave to file a delayed appeal which was denied by this court for failing to meet the requirements of App. R. 5(A). He again filed a motion for leave to file a delayed appeal on March 29, 1999 which was granted by this court.
Thornton appeals the August 26, 1998 decision of the trial court overruling his motion to withdraw guilty plea, raising the following assignment of error:
 Under Ohio Law, a Grand Jury indictment charging Aggravated Murder, under subsection (B) of title [sic] 2903.01 of the O.R.C., cannot be amended to charge a different crime of simple Murder, which was not presented in the indictment.
Crim. R. 7(D) provides that a court may amend an indictment at any time before, during or after a trial provided that "no change is made in the name or identity of the crime charged." Thornton is alleging that the amendment of the indictment to change the aggravated murder count to a simple murder count was not permitted under this rule.
However, as we held in State v. Rihm, an indictment can be amended pursuant to Crim. R. 7(D) if the amended charge is a lesser included offense of the original charge. (1995), 101 Ohio App.3d 626,629. The Ohio Supreme Court has held that a lesser included offense exists if:
 (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
State v. Wilkins (1980), 64 Ohio St.2d 382, 384.
Aggravated murder, as originally charged in this case, is defined in R.C. 2903.01(B) as "purposely caus[ing] the death of another while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit * * * aggravated robbery * * *." Murder is defined in R.C. 2903.02 as "purposely caus[ing] the death of another." When examining these two offenses under the above definition of lesser included offense, it is clear that murder is a lesser included offense of aggravated murder. This in fact has been confirmed by the Ohio Supreme Court in State v. Goodwin (1999), 84 Ohio St.3d 331, 345.
Therefore, under the rule in State v. Rihm, it was entirely proper for the trial court to amend the indictment, changing the charge of aggravated murder to a charge of simple murder. Consequently, the trial court did not err in overruling Thornton's motion to withdraw his guilty plea.
Based on the foregoing, Appellant's only assignment of error is overruled. Judgment affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Johnna M. Shia
Ronald E. Thornton
Hon. Patrick Foley