OPINION
Dale L. Tackett appeals from a judgment of conviction entered by the Ashtabula Municipal Court finding him guilty of disorderly conduct, in violation of R.C. 2917.11(A)(5).
On March 29, 2001, Patrolman Trask and Sergeant Mattson of the Ashtabula City Police Department were dispatched to Michigan Avenue and Blue Jay Circle to respond to a report of a residential trailer fire. Upon arriving at the scene, Trask and Mattson worked to assist the fire fighters by controlling traffic and evacuating residents in the vicinity of the burning trailer, which belonged to appellant's brother. Concerned about his brother's safety, appellant arrived at the scene. The police officers testified that appellant began to scream and swear. As a result, Mattson told appellant, "Dale, just shut up and go back to your car, stop screaming." After making several requests for the appellant to cease screaming and cursing, Mattson placed appellant under arrest. Appellant was charged with disorderly conduct, in violation of R.C.2917.11(B)(1) and obstruction of official business, in violation of R.C.2921.31.
A bench trial commenced on September 7, 2000. Appellant was found not guilty of violating R.C. 2921.31, obstructing official business, and guilty of violating R.C. 2917.11(A)(5), not R.C. 2917.11(B)(1), as charged in the complaint.[1] The trial court did not enter a finding as to R.C. 2917.11(B)(1). From this judgment appellant raises the following assignments of error:
 "[1.] The trial court erred as a matter of law in sua sponte amending the complaint and entering a guilty finding for a violation [sic] R.C. 2917.11(A)(5) where the defendant was originally charged with a violation of R.C. 2917.11(B)(1). (T.p 58-59; T.d. 10).
 "[2.] The trial court erred in entering a finding of guilt for a violation of R.C. 2917.11(A)(5) where such finding is against the manifest weight of the evidence and contrary to law. (T.d. 10)."
 In his first assignment of error, appellant asserts that the trial court erred by sua sponte amending the disorderly conduct charge from R.C. 2917.11(B)(1) to R.C. 2917.11(A)(5) since the amendment changed the identity of the crime charged. The statute, R.C. 2917.11, provides in pertinent part:
 "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
"* * *
 "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."
"* * *
 "(B) No person, while voluntarily intoxicated, shall do either of the following:
"* * *
 "(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others;
* * *"
 Crim.R. 7(D) permits the trial court to amend a complaint at any time "provided no change is made in the name or identity of the crime charged." Crim.R. 7(D). Appellee concedes that if we follow the decision in State v. Mosley (July 20, 1993), Pike App. No. 92CA486, unreported, 1993 Ohio App. LEXIS 3703, wherein the Fourth District Court of Appeals concluded that a Blockburger v. United States (1932), 284 U.S. 299, double jeopardy type analysis is applicable, the judgment of the trial court must be reversed and remanded.
We agree with the analysis set forth in Mosley, thus, in order to determine whether the trial court's amendment of the complaint changed the identity of the crime, we must determine if "the provisions/crimes contain different elements, each requiring proof of a fact which the other does not." Mosley, supra at *5. "When different conduct is precluded or sanctioned by different subsections, due process requires that the defendant not be required to defend against charges without proper notice." Id. In the instant case, appellant was provided with no notice of the new charge since the court sua sponte amended the complaint at the conclusion of the bench trial.
Upon examination of R.C. 2917.11, it is clear that the amendment in the instant case did not change the name of the crime charged, however, because the two offenses contain different elements, we conclude that the amendment changed the identity of the crime. State v. Corrill (1999),133 Ohio App.3d 550, 552. Accordingly, appellant's first assignment of error is sustained and the judgment on the charge of R.C. 2917.11(A)(5) is reversed. Appellant's second assignment of error is rendered moot based on our disposition of appellant's first assignment of error.
Based on the foregoing analysis, the judgment of the Ashtabula Municipal Court is reversed. Jeopardy attached when the first witness was sworn in at the bench trial. Since appellant was tried on the charge of violating R.C. 2917.11(B), appellant cannot again be prosecuted on the same charge. Thus, this case is remanded for the court to issue a finding regarding R.C. 2917.11(B), as charged in the complaint.
JUDGE ROBERT A. NADER, O'NEILL, P.J., GRENDELL, J., concur.
[1] The judgment entry reflects that the court found an offense under R.C. 2917.11(A)(5). While the judgment entry appears to reflect that appellant pleaded guilty to R.C. 2917.11(A)(5), the record is devoid of any evidence that such a plea occurred. In fact, the only references to R.C. 2917.11(A)(5) contained in the record are the court's comments at the conclusion of the trial and in the judgment entry.