DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entered by the Toledo Municipal Court against appellant, Troy Montgomery, on a charge of domestic violence, in violation of Toledo Municipal Code Section 537.19(c). For the following reason, we must reverse the judgment of the municipal court.
On the morning of February 11, 2001, the alleged victim, Kasandra Montgomery, called the police to report that appellant, her husband, had choked her during an argument over their pending uncontested divorce. According to Kasandra, appellant told her that she should get her own attorney. She testified that when she inquired as to why they should hire another attorney, appellant threw the newspaper at her, pinned her against the wall and choked her. Kasandra claimed that she was so frightened by this act that she vomited. It is undisputed that there were no marks on Kasandra's throat as the result of the alleged attack.
Appellant maintained that the entire incident never occurred. He stated that in December 2000, Kasandra agreed to find another place to live, but that, despite several conversations concerning this issue, she made no attempt to find another residence. Appellant said he again talked to Kasandra about finding her own home on the morning of February 11, 2001, and suggested that he was considering a contested divorce. Appellant testified that he was watching television, drinking tea and looking at the newspaper when the police unexpectedly arrived a few hours later.
As the result of the report of domestic violence, appellant was arrested and charged with a violation of Toledo Municipal Code Section 537.19(a), knowingly causing or attempting to cause physical harm to a family or household member, a misdemeanor of the first degree. Kasandra also obtained a temporary restraining order preventing appellant from entering the residence.
After a trial to the bench, the municipal court judge determined that due to "the way the evidence was presented," she could only find appellant guilty of a violation of Toledo Municipal Code Section 537.19(c). Toledo Municipal Code Section 537.19(c), a misdemeanor of the fourth degree, provides that a person commits the offense of domestic violence when he, by threat of force, knowingly causes a family or household member to believe he or she is in danger of imminent harm. The trial court indicated that Toledo Municipal Code Section 537.19(c) was a "lesser included offense" of Toledo Municipal Code Section 537.19(a).
Appellant's trial counsel objected, stating that he could not "comprehend" the court's finding. However, the judge ignored this objection and proceeded to the sentencing phase of the trial. The court sentenced appellant to thirty days incarceration, sentence suspended, one year of inactive probation and a $100 fine. She also ordered appellant to refrain from any personal contact with Kasandra.
Appellant appeals that judgment and sets forth five assignments of error[1]. We conclude that the dispositive question in this case is found in appellant's Assignment of Error No. IV (A) in which he argues that the municipal court erred in convicting him of a "lesser included offense" without allowing him to present a defense to the amended charge.Appellant relies on State v. Corrill (1999), 133 Ohio App.3d 550, in asserting, in essence, that the trial judge's sua sponte amendment violates Crim.R. 7(D). Appellant also contends that he must be discharged because of the constitutional prohibition against double jeopardy.
Initially, we note that Toledo Municipal Ordinance Sections 537.19(a), (b) and (c) are identical to sections R.C. 2919.25(A), (B) and (C), which set forth the elements of those offenses that constitute "Domestic Violence" under the Ohio Revised Code. Thus, those cases interpreting the state domestic violence statute shall be considered and applied in our determination of the issue before this court.
Crim.R. 7(D) permits a trial court to amend a complaint even after trial with respect to, among other things, any variance with the evidence, "provided that there is no change in the name or identity of the crime charged." Amending a complaint so that it charges a violation under R.C. 2919.25(C), rather than R.C. 2919.25(A), changes the identity of the offense charged in contravention of Crim.R. 7(D). State v. Rihm
(1995), 101 Ohio App.3d 626, 628. In such a case, the defendant need not demonstrate prejudice. Id. (Citation omitted.)
Nonetheless, the trial judge in this case ostensibly amended the complaint pursuant to Crim.R. 31(C). Under this criminal rule, a defendant may be found not guilty of the degree charged but guilty of an inferior degree thereof, or of a lesser included offense if "the indictment, information, or complaint charges an offense including degrees, or if lesser offenses are included within the offense charged." However, Crim.R. 31(C) is inapplicable where, as here, the amended charge is not a lesser included offense.
In considering a case where the Middletown Municipal Court found a defendant not guilty of a violation of 2919.25(A) but sua sponte amended the complaint after trial in order to find the defendant guilty of a violation of R.C. 2919.25(C), the Twelfth District Court of Appeals applied the standard found in State v. Deem (1988), 40 Ohio St.3d 205, to determine whether Section (C) of R.C. 2919.25 is a lesser included offense of Section (A) of that statute. State v. Corrill,133 Ohio App.3d at 553.
In Deem at paragraph three of the syllabus, the Ohio Supreme Court held that an offense may be the lesser included offense of another offense if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense.
The Corrill court found that it was clear that the second prong of the test could not be met. Id. Specifically, the court found that a violation of R.C. 2919.25(A) could "occur irrespective of whether the victim believed the offender would cause imminent physical harm." Id. The court therefore concluded that Section (C) of R.C. 2919.25 could not be a lesser included offense of Section (A). Other appellate courts have reached this same conclusion using the same reasoning. Hamilton v.Cameron (1997), 121 Ohio App.3d 445, 449-450 (Twelfth Appellate District); State v. Rihm, 101 Ohio App.3d at 629-630 (Second Appellate District); State v. Atkins (July 14, 1997), Lawrence App. No. 96CA34, unreported (Fourth Appellate District); and State v. Land (Aug. 25, 1995), Lake App. No. 94-L-118, unreported (Eleventh Appellate District).
We find the analysis and finding of our sister courts on this issue appropriate and correct, and, therefore, conclude that Toledo Municipal Ordinance Section 537.19(c) is not a lesser included offense of Toledo Municipal Ordinance Section 537.19(a). Consequently, the trial court erred as a matter of law in sua sponte amending the complaint against appellant after trial. Appellant's Assignment of Error No. IV(A) is found well-taken. Our disposition of this assignment renders appellant's remaining assignments of error moot.
The judgment of the Toledo Municipal Court is reversed. As argued by appellant, he cannot be re-tried due to the constitutional prohibition against double jeopardy. State v. Corrill, 133 Ohio App.3d at 554. Accordingly, judgment is entered in favor of appellant, Troy Montgomery, and appellant is discharged. Appellee, the city of Toledo, is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J., JUDGES CONCUR.
[1] "ASSIGNMENTS OF ERROR
 "I. THE TRIAL COURT ERRED BY CONSIDERING EXPERT OPINION WHICH HAD NOT BEEN PRESENTED AT TRIAL.
 "II. THE TRIAL JUDGE VIOLATED DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS BY CONSIDERING EVIDENCE AND ARGUMENTS WHICH WERE NOT PRESENTED IN TRIAL. THE CONSIDERATION OF THIS COLLATERAL EVIDENCE AND ARGUMENTS OPERATED TO SUBSTANTIALLY INTERFERE WITH DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS SINCE DEFENDANT HAD NO OPPORTUNITY TO RESPOND TO SAID ARGUMENTS OR EVIDENCE BECAUSE SAID ARGUMENTS NOR SAID EVIDENCE WAS PRESENTED BY EITHER THE PROSECUTION OR THE DEFENSE.
 "III. DEFENDANT-APPELLANT SUBMITS THAT THE TRIAL JUDGE PREJUDICIALLY SHIFTED THE BURDEN OF PROOF FROM THE PROSECUTION TO THE DEFENSE BY IN EFFECT REQUIRING HIM TO PROVE THAT THE ALLEGED VICTIM HAD NOT BEEN INJURED. AN ACCUSATION OF ASSAULT AND BEING MALE SHOULD NOT BE TREATED AS `PRIMA FACIE EVIDENCE' OF DOMESTIC VIOLENCE WHEN THE ACCUSER DESCRIBES VERY SPECIFIC FACTS OF A VERY SPECIFIC ACT OF ASSAULT WHICH WOULD BE READILY VERIFIABLE BY OBJECTIVE EVIDENCE.
 "IV. DEFENDANT-APPELLANT SUBMITS THAT THE TRIAL JUDGE PREJUDICIALLY SHIFTED THE BURDEN OF PROOF FROM THE PROSECUTION TO THE DEFENSE BY IN EFFECT REQUIRING HIM TO PROVE THAT THE ALLEGED VICTIM HAD NOT BEEN INJURED. AN ACCUSATION OF ASSAULT AND BEING MALE SHOULD NOT BE TREATED AS `PRIMA FACIE EVIDENCE' OF DOMESTIC VIOLENCE WHEN THE ACCUSER DESCRIBES VERY SPECIFIC FACTS OF A VERY SPECIFIC ACT OF ASSAULT WHICH WOULD BE READILY VERIFIABLE BY OBJECTIVE EVIDENCE.
 "IVA. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT CONVICTED DEFENDANT-APPELLANT OF THE OFFENSE OF `THREAT' OF DOMESTIC VIOLENCE BECAUSE NO EVIDENCE OF A `THREAT' OF DOMESTIC VIOLENCE HAD BEEN PRESENTED AT TRIAL AND BECAUSE THE PROSECUTOR HAD NEVER ARGUED IN THE ALTERNATIVE IF DEFENDANT WAS NOT FOUND GUILTY OF THE SPECIFIC ACTS ALLEGED IN THE AFFIDAVIT ALLEGING THE CRIME OF DOMESTIC VIOLENCE THAT HE SHOULD BE FOUND GUILTY OF THREAT OF DOMESTIC VIOLENCE.
 "V. JUDGE BERLING ERRONEOUSLY DENIED APPELLANT'S MOTION REQUESTING WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW AND COMMITTED PREJUDICIAL ERROR IN REFUSING TO DO SO."