OPINION
Defendant-appellant Kirkland Smith appeals from his conviction and sentence for Operating a Motor Vehicle During a License Suspension, in violation of R.C. 4507.02(D). He contends that the conviction is not supported by sufficient evidence, because the State failed to set forth any evidence regarding the nature of the underlying suspension. He also contends that the trial court erred in instructing the jury. Finally, he contends that the trial court erred by permitting the State, over his objection, to amend the charge from a violation of R.C. 4507.02(B)(1) to allege a violation of R.C. 4507.02(D).
We conclude that the trial court did err by amending the charge, since the amendment changed the identity of the crime charged. We conclude that the other errors alleged by Smith are without merit or moot. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I
Smith was charged for Operating a Vehicle Under a Suspension, in violation of R.C. 4507.02(B)(1). The matter was tried to a jury. Just prior to the beginning of the trial, the City of Xenia made a motion to amend the charges to allege a violation of R.C. 4507.02(D),[1] which was granted by the trial court. The following evidence was adduced at trial:
Officer Matt Foubert of the Xenia Police Department testified that he was on duty on September 20, 2000, when he witnessed Smith drive by him in a white Cadillac. In fact, Foubert testified that he made eye contact with Smith. Foubert testified that because he had previously stopped Smith on another traffic stop that had resulted in a license suspension, he knew that Smith was driving with a suspended operator's license. Foubert followed Smith to a tire shop. When he exited his police cruiser, he encountered Mrs. Smith on the passenger side of the vehicle outside of the car. According to Foubert, Smith admitted to driving the vehicle. Foubert then placed Smith under arrest.
Smith and his wife both testified that she had been driving the vehicle, and that the tinting on the windows of the Cadillac would have prevented Foubert from observing Smith, even if he had been driving. Also, an employee at the tire store testified that while he did not see who was driving the car, he did note that when he encountered the Smiths, Kirkland was standing outside the passenger side of the vehicle, while his wife was standing outside the driver's side.
The jury found Kirkland guilty, and the trial court entered a judgment of conviction and sentenced Kirkland accordingly. From his conviction and sentence, Kirkland appeals.
 II
Smith's First and Second Assignments of Error state as follows:
 THE STATE FAILED TO SET FORTH SUFFICIENT EVIDENCE OF THE UNDERLYING BASIS OF APPELLANT'S SUSPENSION AS ALLEGED, A SUSPENSION PURSUANT TO 4507.02(B)(1) OF THE OHIO REVISED CODE. AS SUCH, THE COURT ERRED IN OVERRULING APPELLANT'S TWO MOTIONS FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
 THE JURY'S VERDICT WAS FATALLY FLAWED AS IT CONTAINED NO FINDING OF THE NATURE OF APPELLANT'S UNDERLYING OPERATOR'S LICENSE SUSPENSION.
Smith contends that the trial court erred by failing to grant his motions for acquittal. He also contends that the jury's verdict was flawed. In support, he argues that the State failed to prove, and the jury instructions did not contain any language concerning, the nature of the underlying license suspension. Specifically, Smith contends that the State was required to prove that he was under a license suspension pursuant to R.C. 4507.02(B)(1), and that the jury instruction was required to set forth findings in conformity with the elements of that statute.
Smith was tried on the amended charge of violating R.C. 4507.02(D), not on the original charge of violating R.C. 4507.02(B)(1). Therefore, any claim that the State failed to prove the elements of R.C. 4507.02(B)(1) is without relevance to this appeal; Smith was not tried for that offense. We also note that Smith did not preserve any error in the jury instructions, because he failed to object to them before they were given. In any event, his claim that the instructions should have contained findings regarding the elements of R.C. 4507.02(B)(1) is, again, without relevance to this appeal, since he was not tried under that portion of the statute.
Smith's First and Second Assignments of Error are overruled.
 III
Smith asserts the following as his Third Assignment of Error:
 THE TRIAL COURT ERRED WHEN IT AMENDED THE CHARGE AGAINST APPELLANT IN CONTRAVENTION OF CRIM.R. 7(D).
Smith contends that the trial court erred by amending, over objection, the charge against him. In support, he argues that the amendment violated the provisions of Crim.R. 7(D). The State argues that the amendment was permissible, because the elements of the two offenses are substantially the same.
Crim.R. 7(D) provides, in relevant part:
 The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.
(Emphasis added).
This court has held that any amendment that results in a change in the name or identity of the crime charged is prohibited. State v. Rihm
(1995), 101 Ohio App.3d 626, 629. See, also, State v. Corrill (1999),133 Ohio App.3d 550.
The portions of R.C. 4507.02 relevant to this appeal are as follows:
 * * * (B)(1) No person, whose driver's or commercial driver's license or permit or nonresident's operating privilege has been suspended or revoked pursuant to Chapter 4509 of the Revised Code, shall operate any motor vehicle within this state, or knowingly permit any motor vehicle owned by the person to be operated by another person in the state, during the period of the suspension or revocation, except as specifically authorized by Chapter 4509 of the Revised Code. No person shall operate a motor vehicle within this state, or knowingly permit any motor vehicle owned by the person to be operated by another person in the state, during the period in which the person is required by section 4509.45 of the Revised Code to file and maintain proof of financial responsibility for a violation of section 4509.101 of the Revised Code, unless proof of financial responsibility is maintained with respect to that vehicle.
* * *
 (D)(1) No person, whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended or revoked under any provision of the Revised Code other than Chapter 4509 of the Revised Code or under any applicable law in any other jurisdiction in which the person's license or permit was issued, shall operate any motor vehicle upon the highways or streets within this state during the period of the suspension or within one year after the date of the revocation. No person who is granted occupational driving privileges by any court shall operate any motor vehicle upon the highways or streets in this state except in accordance with the terms of the privileges.
 (2) No person, whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under division (B) of section 4507.16 of the Revised Code, shall operate any motor vehicle upon the highways or streets within this state during the period of suspension. * * *
R.C. 4507.02(B)(1) involves driving while under a suspension for violation of the financial responsibility act, R.C. Chapter 4509. R.C.4507.02(D)(1) involves driving under a suspension related to any provision of the Revised Code other than Chapter 4509. R.C.4507.02(D)(2) involves driving under a suspension related solely to R.C. 4507.16(B) — suspensions for driving while intoxicated. The subdivisions of R.C. 4507.02 at issue here describe separate and distinct offenses having separate and distinct elements. Therefore, we conclude that the State's argument that the elements of the offenses are "essentially" the same is without merit. Offenses having different elements have distinct identities. The trial court erred when, over Smith's objection, it amended the complaint to state an offense having different elements.
Smith's Third Assignment of Error is sustained.
 V
Smith's Third Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings. Although it may be unlikely that the State can prove the originally charged offense, it is entitled on remand to try to do so
BROGAN and YOUNG, JJ., concur.
[1] R.C. 4507.02(D) includes two subdivisions, (1) and (2). The record does not reflect that either the State or the trial court ever specified which subdivision Smith was alleged to have violated.