[Cite as *State v. Cameron*, 2011-Ohio-4602.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| ROBERT CAMERON | Case No. 10AP120048 |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the New Philadelphia Municipal Court, Case Nos. CRB1001262 & CRB1001315



JUDGMENT:              Affirmed




DATE OF JUDGMENT ENTRY:        September 12, 2011




APPEARANCES:

For Plaintiff-Appellee

JAMES A. RANGE
177 South Broadway Avenue
P.O. Box 1007
New Philadelphia, OH 44663

For Defendant-Appellant

DAVID C. HIPP
300 East High Avenue
P.O. Box 90
New Philadelphia, OH 44663

*Farmer, J.*

{¶1} On September 16, 2010, appellant, Robert Cameron, was charged with two counts of domestic violence in violation of R.C. 2919.25(B).  Said charges arose from an incident between appellant and the mother of their two sons, Susan Erwin, and one of the sons.

{¶2} On October 28, 2010, appellant's trial counsel filed a motion to withdraw due to the deterioration of the attorney/client relationship.  A hearing before a magistrate was held on December 2, 2010.  By order filed December 7, 2010, the magistrate denied the motion.

{¶3} A jury trial commenced on December 13, 2010.  Just prior to the start of the trial, the complaints were amended to change the charged subsections to R.C. 2919.25(A).  The jury found appellant guilty as charged.  By judgment entry filed December 21, 2010, the trial court sentenced appellant to an aggregate term of one hundred eighty days in jail, ninety days suspended in lieu of twenty-four months of community control.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration.  Assignments or error are as follows:

I

{¶5} "THE TRIAL COURT ERRED IN REFUSING TO APPOINT SUBSTITUTE COUNSEL FOR APPELLANT WHEN THE ATTORNEY/CLIENT RELATIONSHIP WITH INITIALLY APPOINTED COUNSEL WAS IRREPARABLY DESTROYED."

II

{¶6} "THE TRIAL COURT ERRED IN AMENDING THE COMPLAINT IMMEDIATELY PRIOR TO TRIAL TO SPECIFY A DIFFERENT OFFENSE."

III

{¶7} "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN THE DEFENSE OF HIS CLIENT."

I

{¶8} Appellant claims the trial court erred in denying his trial counsel's request to withdraw and not appointing him new counsel. We disagree.

{¶9} The decision as to whether to grant a motion to withdraw by counsel rests in the trial court's sound discretion. *Bennett v. Bennett* (1993), 86 Ohio App.3d 343. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶10} In his motion to withdraw filed October 28, 2010, defense counsel supported his request with the following two reasons:

{¶11} "1. Defendant has asked that counsel be removed from these matters.

{¶12} "2. Counsel and his staff have suffered repeated harassment and verbal abuse and occasional treats (sic) from Defendant and his family, which has clouded Counsel's judgment and made it nearly impossible to work with Defendant."

{¶13} During the December 2, 2010 hearing on the motion, the reasons were more fully developed as follows:

{¶14} "MR. PERLAKY: The basis on which I filed my motion, it was twofold and I do recall being told by Mr. Cameron on multiple occasions actually that he did not wish me to represent him in these matters any further.

{¶15} "It is my understanding from my secretaries that there's been repeated phone calls from Mr. Cameron and his family members and I'll grant him that it's stopped.  But when the motion was filed that there was just repeated tangents and verbal abuse and profanity, repeated profanity, and I know Mr. Cameron denies all of this.  And basically trying to prepare his defense has been made very difficult.  I've come to a fundamental disagreement about - - with Mr. Cameron about proceeding with this case if my employees are just going to be subject to that kind of abuse.  It's just become unworkable.  I don't think Mr. Cameron wants to talk with me at this point and I certainly am trying to be extremely patient and I told the Court I don't want to file these motions.  I don't like filing these motions but you know, I think at this point it's just become a matter of the more we continue to work together the more our office gets called especially when I'm not there and my secretaries are yelled at, screamed at, profanity used.  And he disagrees with that."  December 2, 2010 T. at 6-7.

{¶16} The magistrate denied the motion for the following reasons:

{¶17} "THE MAGISTRATE: Listen, Mr. Cameron, here's what we're going to do. If your family hires Mr. Jackimedes then I think that would be a satisfactory outcome for everybody and I certainly would be fine with it because he's a good lawyer.  But you have a good lawyer right now and I'm telling you that you do because he's in my courtroom every day and I'm not going to leave you at this stage of the proceeding without a lawyer.  I think that that is a really, really dumb idea and I think it would be

disastrous for you to be without a lawyer. I do not see any benefit to me removing Mr. Perlaky and then appointing some other lawyer. But, it sounds to me like maybe somebody has gotten through to you. Either the jail has restricted your phone calls or somebody has gotten some sense into your head that you don't bite the hand that feeds you. You know what I mean by that?

{¶18} "THE DEFENDANT: Yes.

{¶19} "***

{¶20} "THE MAGISTRATE:***So I am going to deny Mr. Perlaky's request to withdraw as your attorney at this time. If Mr. Jackimedes is hired, fine, but I can not think of any reason other than you are making - - you're distracting and taking all of his time and attention away from trying to prepare a defense for you. You're allowed to participate in that but you gotta listen to what the guy says. He knows what he's doing." Id. at 10-12.

{¶21} We note the motion was heard less than eleven days prior to the trial date. The case had been pending since September. We further note defense counsel's effectiveness was not raised again during the trial.

{¶22} While an accused has a right to counsel, he does not have the right to appointed counsel of his own choosing. *State v. Marinchek* (1983), 9 Ohio App.3d 22; *State v. Haberek* (1988), 47 Ohio App.3d 35.

{¶23} Upon review, we find the trial court did not abuse its discretion in denying defense counsel's motion to withdraw and not appointing appellant new counsel.

{¶24} Assignment of Error I is denied.

II

{¶25} Appellant claims the trial court erred in permitting the state to amend the complaints just prior to the start of the trial. We disagree.

{¶26} Crim.R. 7(D) governs amendments to the complaint and states the following:

{¶27} "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury.***No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted."

{¶28} The original complaints alleged a violation of R.C. 2919.25(B) which states, "[n]o person shall recklessly cause serious physical harm to a family or

household member."  The complaints were amended to allege a violation of a different subsection, subsection (A) which states, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶29}  We note the actual offense of domestic violence, the date and time of the incident, and the name of the victims were not changed, just the culpable mental state and the degree of physical harm.

{¶30}  The trial court informed appellant that it would consider a continuance request in light of the amendment, but evidently a request was not made:

{¶31}  "THE COURT: The Court will grant the motion.  It does change the - - doesn't change the overall domestic.  It changes the subsection.  It does change the mental element and it changes the physical harm to serious physical harm.  If you feel that you've been misled and have prepared (inaudible) and need a continuance further I could consider that.  Do you request that at this time?

{¶32}  "MR. PERLAKY: (Inaudible).

{¶33}  "THE COURT: Then I will grant the motion of the State and we'll proceed on those two charges."  T. at 4-5.

{¶34}  In addition, defense counsel did not object to the amendment.  An error not raised in the trial court must be plain error for an appellate court to reverse.  *State v. Long* (1978), 53 Ohio St.2d 91; Crim.R. 52(B).  In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.  *Long.*  Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  Id. at paragraph three of the syllabus.

{¶35} Upon review, we find no substantive change in the nature of the offenses or any undue prejudice to appellant. Both Ms. Erwin and one of the sons testified to being struck by appellant and observing appellant strike the other. T. at 67, 88.

{¶36} As for the cases appellant cites in support, *State v. Corrill* (1999), 133 Ohio App.3d 550, and *State v. Rihm* (1995), 101 Ohio App.3d 627, both cases involved an amendment from subsection (A) to subsection (C), not subsection (B) to subsection (A) as in this case. In *Corrill,* the amendment was made at the conclusion of the trial. In *Rihm,* the defendant did not consent to the amendment and made an objection. We find these cases to be distinguishable from the case sub judice.

{¶37} Assignment of Error II is denied.

III

{¶38} Appellant claims he was denied the effective assistance of trial counsel as his counsel did not properly subpoena witnesses, did not call any witnesses in his defense, and failed to object to the amendment of the complaints. We disagree.

{¶39} The standard this issue must be measured against is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

{¶40} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶41} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶42} We note this court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post* (1987), 32 Ohio St.3d 380, 388.

{¶43} As we addressed in Assignment of Error II, the amendment of the complaints did not create any substantive changes to the nature of the charges, the time and place of the incident or the names of the victims.  Both Ms. Erwin and one of the sons testified to appellant's actions during the incident.  We fail to find that the failure to object demonstrates any deficiency by defense counsel or establishes that the result of the trial would have been different.

{¶44} Defense counsel subpoenaed four witnesses, Randi Quiroga, Robert A. Cameron, Josh Cameron, and Beth Kaser.  They were delivered by certified mail and were returned unclaimed on January 3, 2011.

{¶45} Although defense counsel served subpoenas pursuant to Crim.R. 17(D), we do not find the failure to call these witnesses to testify was error.  The incidents on September 16, 2010 occurred at appellant's residence late at night when only Ms. Erwin and the couple's two sons were present.  T. at 116-117.  We fail to find that the subpoenaed witnesses would have added anything to the fact finding inquiry of the jury on the domestic violence charges.

{¶46} Assignment of Error III is denied.

{¶47} The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Julie A. Edwards_____

JUDGES

SGF/sg 810

[Cite as *State v. Cameron*, 2011-Ohio-4602.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT CAMERON | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10AP120048 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Julie A. Edwards_____

JUDGES