[Cite as *State v. Roberson*, 2013-Ohio-3449.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2012CA00215 |
| JOHNNIE E. ROBERSON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2012CR1245


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 5, 2013


APPEARANCES:


For Defendant-Appellant          For Plaintiff-Appellee


MARY G. WARLOP                   JOHN D. FERRERO,
Abney Law Office, LLC            PROSECUTING ATTORNEY,
116 Cleveland Ave., N.W., Suite 500   STARK COUNTY, OHIO
Canton, Ohio 44702
                                 BY: KATHLEEN O. TATARSKY
                                 Assistant Prosecuting Attorney
                                 Appellate Section
                                 110 Central  Plaza, South – Suite 510
                                 Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶1} Defendant-appellant Johnnie E. Roberson appeals his conviction entered by the Stark County Court of Common Pleas, on one count of domestic violence, following a jury trial.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On September 17, 2012, the Stark County Grand Jury indicted Appellant on one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the fourth degree.  Appellant appeared before the trial court for arraignment on September 21, 2012, and entered a plea of not guilty to the charge.  The matter proceeded to jury trial on October 30, 2012.  As a preliminary matter, the State and defense counsel stipulated Appellant had previously been convicted of domestic violence on May 31, 2012, in Canton Municipal Case No.2012-CRB-2035.

{¶3} Melissa Wilson testified she lived with Appellant in an apartment on Cleveland Ave., Canton, Ohio, and the two had lived together for two years.  Wilson admitted she loved Appellant "to death" and told "everyone he's my husband." On August 11, 2012, at approximately 5:30 pm, Wilson traveled by bus to the Save-A-Lot grocery store on Tuscarawas Street. According to Wilson, when she exited the bus, Appellant approached her, took her by the arm and said something about going home. Wilson denied Appellant being rough with her or grabbing at her backpack.  Wilson stated the next thing she remembered was Officer Nixon running out of the store, three additional officers arriving, and Appellant being slammed to the ground.  A female officer questioned Wilson about whether Appellant had punched her, but Wilson denied such happening.  Wilson did not go to the hospital.

{¶4} Tosha Miner, a co-assistant manager at the Tuscarawas Street Save-A-Lot, testified she was driving to the store with her step-daughter on August 11, 2012. Miner was not working that day. While waiting to turn into the parking lot, Miner noticed a man, who was later identified as Appellant, and a woman, who was later identified as Melissa Wilson, at the bus stop, "going at it". Appellant was trying to take Wilson's purse away from her. Miner heard Appellant demand, "I want my keys. Give me my keys." Wilson was pulling away from Appellant. Appellant lifted his hand to strike Wilson on her face. Then, Officer Nixon ran out of the store.

{¶5} Miner acknowledged she did not see Appellant strike Wilson, but it appeared to her as if Appellant was about to do so. After parking her vehicle, Miner observed Wilson walking away. Miner told Wilson to stay in order to speak with police. Miner recalled Wilson did not seem concerned, but "just wanted to get away."

{¶6} Jim Nixon, a Canton City police officer, testified he was working his off duty job as a security officer at the Tuscarawas Street Save-A-Lot on August 11, 2012, when a customer entered the store and informed him there was a fight happening in the parking lot. Nixon looked out the store window and observed two individuals who appeared to be fighting. Nixon called dispatch as he ran out of the store.

{¶7} Nixon observed Wilson, whom he recognized from previous calls, holding onto a pink backpack purse and being thrown around by Appellant, with whom Nixon was also familiar. Wilson pulled her backpack toward her as Appellant pulled in the opposite direction, causing the two to twirl around in circles. At one point, Nixon saw Appellant place an upper cut jab to Wilson's abdomen area. Nixon commanded the two to stop. Appellant released Wilson and dropped to the ground.

{¶8} Canton City Police responded to the scene, and Appellant was taken into custody. Officers checked Wilson for injuries. She had a bandage on her arm from a previous injury as well as an injury to her wrist. Wilson had no redness or bruising on her abdomen. Wilson did not give a statement to police and refused medical treatment.

{¶9} At the close of the State's case, Appellant made an oral Crim. R. 29 motion for acquittal which the trial court denied.

{¶10} Jeffrey Freeman, Jr. testified on Appellant's behalf. Freeman was at the Towne Manor Hotel, which is adjacent to the Tuscarawas Street Save-A-Lot on August 11, 2012. He was standing outside on a second floor balcony and had a view of the entire Save-A-Lot parking lot. Freeman observed Appellant run toward the bus stop, and grab Wilson as she exited the bus. Appellant repeatedly asked Wilson about his key, but she indicated she did not have it. Freeman observed a police officer pull his firearm as he sprinted out of the store. The officer ordered Appellant to the ground and slammed him down. Freeman stated he saw Appellant reach toward Wilson's backpack but did not see him touch her. He added Appellant did not act violently toward Wilson at any time. Freeman never spoke with police because he "didn't want to get involved". On cross-examination, Freeman acknowledged he and Appellant are related.

{¶11} Theodore Dent also testified on Appellant's behalf. Dent recalled he was walking from his sister's house through the alley between the Save-A-Lot and Towne Manor on his way to the bus stop on August 11, 2012. Dent observed Appellant "yanking" on Wilson's arm, but assumed Appellant was joking or playing around. Dent heard Appellant mention something about a key. He did not see Appellant strike Wilson. Dent did not think anything about the situation until he saw a "black man

messing with that white woman and the police." He "knew what was happening" so he boarded the bus and left.

{¶12} After hearing all the evidence and deliberations, the jury found Appellant guilty as charged. The trial court sentenced Appellant to a prison term of eighteen months.

{¶13} It is from this conviction and sentence Appellant appeals, raising as his sole assignment of error:

{¶14} "I. THE JURY'S FINDING OF GUILT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶15} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983). See also,

*State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717. We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 595 N.E.2d 915, 1992–Ohio–44. It is to be given the same weight and deference as direct evidence. *Jenks,* supra.

{¶16} Appellant contends the jury's finding him guilty of domestic violence was not supported by sufficient evidence and was against the manifest weight of the evidence as Wilson did not sustain any physical injury. Appellant refers to Wilson's cross-examination during which she testified Appellant "never laid a hand" on her. Appellant also notes the evidence established Wilson was not injured in any way. She did not have any marks, bruises, or redness on her face or abdomen. Wilson testified Appellant "simply grabbed [her] arm" and did so "without much force".

{¶17} Appellant was convicted on one count of domestic violence, in violation of R.C. 2919.25(A), which provides: "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶18} We find Appellant's argument lacks merit. A defendant does not have to cause injury to his victim to be guilty of domestic violence. A defendant may be found guilty of domestic violence even if the victim sustains only minor injuries, or sustains no injury at all. *State v. Blonski,* 125 Ohio App.3d 103, 114 (1997) at para. 18, citing *State v. Nielsen*, 66 Ohio App.3d 609, 612, 585 N.E.2d 906 (1990). Any harm is sufficient.

{¶19} Upon review of the entire record, we find Appellant's conviction was neither against the manifest weight of the evidence nor based upon insufficient

evidence. Office Jim Nixon observed Appellant pulling on Wilson's backpack as Wilson tried to pull it away, causing the two to move in circles. Nixon also saw Appellant place an upper cut to Wilson's abdomen, and it appeared to Nixon Appellant had struck her. Tosha Miner testified she saw Appellant raise his hand as if to strike Wilson in the face. This evidence establishes Appellant attempted to cause physical harm to Wilson despite her claim she was not injured and the fact she did not show any sign of injury. The jury was free to accept or reject any or all of the testimony. The jury obviously chose to believe the accounts of Nixon and Miner.

{¶20} Appellant's sole assignment of error is overruled.

{¶21} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OF OHIO                          :
                                         :
    Plaintiff-Appellee              :
                                         :
-vs-                                     :          JUDGMENT ENTRY
                                         :
JOHNNIE E. ROBERSON                      :
                                         :
    Defendant-Appellant             :          Case No. 2012CA00215


For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY