[Cite as *Strongsville v. Beall*, 2016-Ohio-1222.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103051**

## CITY OF STRONGSVILLE

PLAINTIFF-APPELLEE

vs.

## JOHN D. BEALL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Berea Municipal Court
Case No. 14CRB02091-1

**BEFORE:**    Stewart, J., Kilbane, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**    March 24, 2016

**ATTORNEYS FOR APPELLANT**

Joseph G. Stafford
Carolyn C. Soeder
Stafford Law Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, OH 44114


**ATTORNEY FOR APPELLEE**

George F. Lonjak
Prosecutor, City of Strongsville
614 Superior Avenue, Suite 1310
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} A jury found defendant-appellant John Beall guilty of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A). The sole assignment of error raises two arguments: that there was insufficient evidence to support the conviction and that the conviction is against the manifest weight of the evidence. We find no error and affirm.

{¶2} The Due Process Clause of the Fourteenth Amendment "protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The relevant question when reviewing a claim that the government failed to present sufficient evidence of guilt "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. This is a highly deferential standard of review because "it is the responsibility of the [trier of fact] — not the court — to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. ___, 132 S.Ct. 2, 3, 181 L.Ed.2d 311 (2011).

{¶3} R.C. 2919.25(A) states: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." There is no question that the appellee city of Strongsville established that the victim of the offense — Beall's wife — was a family member. The contested issue at trial was whether Beall knowingly caused or attempted to cause her physical harm. The phrase "physical harm" is defined in R.C. 2901.01(A)(3) as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶4} The evidence, viewed most favorably to the city, showed that Beall and the victim had a contentious relationship — so contentious, in fact, that the victim's mother refused to have anything to do with Beall. When Beall and the victim were to attend an out-of-town conference for their employer (they were coworkers), Beall wanted their two-year-old child to stay with his parents; the victim wanted the child to stay with her mother. Without telling Beall, the victim drove the child to her mother's house. Beall discovered this fact by tracking the victim's movement by way of an application on her cell phone. He called the victim and demanded that she return with the child, telling her that she was "going to pay for this one" if she did not bring the child home.

{¶5} The victim returned without the child. Beall met the victim in their garage and told her that he had called the police. The victim waited in the garage, but it was plain to her that Beall had not actually called the police. Beall then refused to admit her into the house and turned off the garage lights, saying, " [t]his is the third time you've disobeyed me bitch. You're going to pay for this this time. When I get done with you,

your parents are going to know who John David Beall is." As Beall spoke these words, the victim began recording him using the camera on her cell phone. Realizing that he was being recorded, Beall ran to her, tackled her to the ground, and wrestled the cell phone away from her. Concerned that Beall would look at her phone and discover that she had been exchanging text messages with his ex-wife, the victim drove herself to the police station.

{¶6} As the victim drove to the police station, Beall called the police. He told the police the victim was distraught and on psychiatric medications. The victim reported the incident and indicated that Beall's actions had left one of her fingers slightly swollen.

{¶7} Beall's act of tackling the victim, along with the victim's assertion that she injured her finger upon being tackled, was proof that he caused her physical harm. *See In re Bowers*, 11th Dist. Ashtabula No. 2002-A-0010, 2002-Ohio-6913 (tackle that caused the victim to experience pain in his stomach and side when he was tackled sufficient to establish physical harm). And even without a tangible injury, the jury could have found that Beall was attempting to cause physical harm given his decision to tackle the victim, which was consistent with his previous threat to make the victim "pay" for driving their child to stay with the victim's mother. The evidence was sufficient to cause a rational trier of fact to conclude that Beall caused or attempted to cause physical harm to his wife.

{¶8} Beall next argues that his conviction was against the manifest weight of the evidence.

{¶9} The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (9th Dist.1986). The use of the word "manifest" means that the trier-of-fact's decision must be plainly or obviously contrary to all of the evidence. This is a difficult burden for an appellant to overcome because the resolution of factual issues resides with the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

{¶10} Beall argues that the guilty verdict was against the manifest weight of the evidence because he and the victim had reconciled by the time of trial, she no longer desired to have him prosecuted for domestic violence, nor did she desire that a temporary protection order issued against Beall remain in place. None of this, all of which occurred after the incident giving rise to the domestic violence charge, was relevant to the jury's consideration of whether Beall committed the acts charged in the complaint. In fact, the victim did not recant her version of what happened in the garage — she merely indicated her desire that the city drop the prosecution. At all events, the victim's trial testimony

was consistent with what she told the police immediately following the incident. The jury did not ignore the manifest weight of the evidence by finding Beall guilty.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR