[Cite as *State v. Lillie*, 2018-Ohio-2714.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2017AP100028 |
| HAROLD W. LILLIE, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the New Philadelphia
Municipal Court, Case No.
CRB1700607A-B


JUDGMENT:    Judgment Reversed, Final Judgment
of Acquittal Entered


DATE OF JUDGMENT ENTRY:    July 10, 2018


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant


LACEE K. FELIX                           DAVID C. HIPP
Assistant Prosecutor,                    300 East High Avenue, PO Box 90
City of New Philadelphia                 New Philadelphia, OH 44663
150 East High Avenue, Ste. 113
New Philadelphia, OH 44663

*Hoffman, P.J.*

{¶1} Appellant Harold W. Lillie, Jr. appeals the judgment entered by the New Philadelphia Municipal Court convicting him of assault in violation of R.C. 2903.13(A). Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 17, 2017, Appellant went to the Tuscarawas County Humane Society searching for his dog. Appellant's friends let the dog out of the fenced area on the humane society property, and Appellant tried to catch the dog to put it in his car. Ashlie Yoder, an employee of the humane society, ran out of the building to try to catch the dog. She confronted Appellant, asking, "Who the hell are you?" Appellant responded the dog belonged to him and he was there to pick it up.

{¶3} As Yoder was attempting to grab the dog, Appellant pushed her in the shoulder area. She did not fall or sustain injury from the push. Appellant was able to catch the dog and left the area.

{¶4} A deputy with the Tuscarawas County Sheriff's Department arrived on the scene. Appellant told the deputy he was agitated because the humane society had taken his dog. He described his contact with Yoder as a "light push." Appellant surrendered the dog to the humane society.

{¶5} Appellant was charged with disorderly conduct and assault. The case proceeded to a bench trial in the New Philadelphia Municipal Court.

{¶6} At trial, Appellant's fiancé testified Yoder made a motion toward Appellant before Appellant pushed her. The deputy testified according to the video from the

humane society's security camera, Yoder made a movement with her hand before she was pushed, which may have been her reaching for the dog.

**{¶7}** After the presentation of evidence, the court found Appellant guilty of attempted assault and dismissed the disorderly conduct charge as an allied offense of similar import. The trial court stated from the bench:

I think he's guilty of attempted assault and that's what he's charged with. I think that disorderly conduct is a, you know, we're going to dismiss that as being an allied offense of similar import but I mean it's pretty clear to me that she was after the dog, who are you and he blocked her so that he could accomplish his purpose which was so that the dog could get away so he could get it. You know, was it an egregious assault? Did he throw a punch at her head? No. You know, he didn't do any of that but I think that when you shove a person out of the way that you meet these elements of this offense so I'm going to find him guilty and it's probably a good one to appeal, Mr. Urban, and I wouldn't be surprised if you do but that's my finding today.

Tr. 51.

**{¶8}** Appellant was sentenced to ninety days incarceration which was suspended for twelve months of probation, five days on the inmate litter crew, one

hundred hours of community service, and a fine of $250.00. It is from the October 3, 2017 judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

"THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF ASSAULT WHERE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING THAT THE DEFENDANT CAUSED PHYSICAL HARM TO ANOTHER AND THAT HE KNOWINGLY CAUSED PHYSICAL HARM."

{¶9} We note at the outset the State of Ohio has failed to file a brief in the instant appeal. Pursuant to App. R. 18(C), where the appellee has failed to file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain this action."

{¶10} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶11} Appellant was convicted of assault in violation of R.C. 2903.13(A), which states, "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."

**{¶12}** When accompanied "by the requisite intent, a ' * * * shove, push or grab * * * ' " may satisfy the 'physical harm' element of assault." *State v. Williams*, 10th Dist. Franklin No. 01AP–254, at 5, 2001–Ohio–8876.

**{¶13}** In *State v. Kemper,* 12th Dist. Butler No. CA2012-04-079, 983 N.E. 2d 951, 2012-Ohio-951, the appellant pushed the victim out of his way in order to gain access to property he believed belonged to him. In finding his assault conviction was not supported by sufficient evidence, the Court of Appeals for the Twelfth District held:

A description of the events reveals Kemper attempting to retrieve his possessions with Winters attempting to prevent Kemper from doing so. While it is clear that Kemper intended to gain possession of items he believed to be his and that the moment was heated between himself and Winters, evidence is lacking to establish beyond a reasonable doubt that Kemper had the requisite mens rea to harm Winters. Stated a different way, there is insufficient evidence to establish that Kemper was aware that placing his hands on Winters' shoulder to move her aside would probably cause a certain result, mainly physical harm.

**{¶14}** *Id.* at ¶17. Contrast *State v. Thomas*, 8th Dist. Cuyahoga No. 104174, 2017-Ohio-957, ¶ 25 (defendant put his hands on victim and pushed her out the door, followed her to her vehicle, and continuously threatened her); *State v. Stover*, 8th Dist. Cuyahoga No. 104388, 2017-Ohio-291, ¶ 30 (defendant grabbed two steak knives and

waved them in victim's face, claiming "somebody [is] going to die," then pushed her so hard she fell to the ground).

{¶15} Accepting Appellant's statement of the facts as correct pursuant to App. R. 18(C), we find such facts reasonably sustain reversal of his conviction. The facts as set forth in Appellant's brief demonstrate Yoder was not injured by what she described as a "light shove." She did not fall or sustain injury. The facts as set forth in Appellant's brief demonstrate Appellant's intent was not to injure Yoder, but to gain possession of his dog.

{¶16} Further, we have reviewed the video from the humane society's security camera which was admitted into evidence. The video supports the finding Appellant's contact with Yoder was an attempt to block her from catching the dog rather than to cause her physical harm. Likewise, the trial court's statement on the record, quoted above, demonstrates the court determined Appellant's intent was to block Yoder "so that he could accomplish his purpose which was so that the dog could get away so he could get it." Tr. 51. We find neither the video nor the trial court's findings support the conclusion Appellant knowingly caused or attempted to cause physical harm to Yoder.[1]

---

[1] Although we find the evidence insufficient to support the conviction of assault, we find it would be sufficient to support a conviction of disorderly conduct. However, the trial judge dismissed the disorderly conduct charge, and we are therefore without jurisdiction to review the charge. We believe the trial court misconstrued the law concerning allied offenses, which would have allowed Appellant to be convicted of both charges, but only sentenced on one. See *State v. Whitfield*, 124 Ohio St. 3d 319, 922 N.E.2d 182, 2010-Ohio-2, ¶18.

{¶17} The assignment of error is sustained.  The judgment of the New Philadelphia Municipal Court is reversed.  Pursuant to App. R. 12(B), we hereby enter final judgment acquitting Appellant of the offense of assault.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur