ANITA LASTER MAYS, J., DISSENTING:
 

 {¶ 45} I concur with the majority's first assignment of error concerning Mincy's right to remain silent and would sustain this assignment. However, I respectfully dissent regarding the sufficiency of the evidence assignment of error. I would find that the evidence was insufficient to support the conviction. I would therefore vacate the conviction and discharge the defendant.
 

 {¶ 46} Mincy was convicted of domestic violence pursuant to R.C. 2919.25(A), a first-degree misdemeanor after a bench trial. R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."
 
 Id.
 
 The mens rea of knowingly for purposes of R.C. 2919.25 is supported where, "regardless of purpose * * * the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "Physical harm to persons" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).
 

 {¶ 47} The fact that Charrell is a family and household member is not in issue. The remaining inquiry is whether Mincy "knowingly caused or attempted to cause" physical harm to Charrell.
 
 Strongsville v. Beall
 
 , 8th Dist. Cuyahoga No. 103051,
 
 2016-Ohio-1222
 
 ,
 
 2016 WL 1176224
 
 , ¶ 3.
 

 {¶ 48} The city argues that an alleged domestic violence victim does not have to suffer any injury at all for an offender to be guilty of domestic violence pursuant to R.C. 2919.25(A). Cited in support of the city's position are four cases decided by this court. In each of the cited cases, there was supplemental evidence of injury or circumstances that distinguish the cases from the instant case and support the elements of the offense.
 

 {¶ 49} In
 
 Middleburg Hts. v. Musa
 
 , 8th Dist. Cuyahoga No. 97914,
 
 2013-Ohio-366
 
 ,
 
 2013 WL 485120
 
 , the husband physically dragged the wife around the house and outside of the residence, causing bruising. In
 
 Cleveland v. Amoroso
 
 , 8th Dist. Cuyahoga No. 100983,
 
 2015-Ohio-95
 
 ,
 
 2015 WL 178418
 
 , a "he said, she said" account of domestic violence without witnesses or visible injuries, the evidence included past incidents of domestic violence between the parties. The conviction was affirmed.
 

 {¶ 50}
 
 Beall
 
 involved a couple with a contentious history. The husband tackled the wife, knocking her to the ground, and wrestled the wife's cell phone from her grasp, injuring one of her fingers.
 
 Id.
 
 at ¶ 5. This court held that the tackle plus injury constituted proof of culpability and physical harm and upheld the conviction under R.C. 2919.25(A).
 

 {¶ 51} The city also cites
 
 State v. Stover
 
 , 8th Dist. Cuyahoga No. 104388,
 
 2017-Ohio-291
 
 ,
 
 2017 WL 389731
 
 . Stover was not welcome at his mother's home.
 
 Id.
 
 at ¶ 5. The mother was playing cards with her friends when she heard Stover banging on the door. A sofa was pushed against the door and the mother called the police.
 
 Id.
 

 {¶ 52} Stover broke into the door, ran to the kitchen and "retrieved two steak knives."
 
 Id.
 
 at ¶ 6. The mother and Stover were then "face-to-face," and Stover threatened his mother with the knives, making twirling "martial arts" gestures with them. Stover told his mother that "somebody is going to die tonight," prompting a hasty exit by most of the mother's friends.
 
 Id.
 

 {¶ 53} The mother rushed to prevent Stover from locking himself in the bathroom as was his custom but Stover pushed her "so hard that she fell to the ground."
 
 Id.
 
 at ¶ 7. The mother claimed that she was not injured and officers said that she and a friend that had remained with her were "nervous and fearful."
 
 Id.
 
 at ¶ 8. This court affirmed, finding that Stover was aware that his actions would probably cause injury.
 
 Id.
 
 at ¶ 30.
 
 [1]
 

 {¶ 54} Generally in a parent-child domestic violence case, a parental right exists to administer reasonable and proper corporal punishment based on the totality of the circumstances.
 

 [T]he Supreme Court of Ohio [has] indicated the legislature did not intend to prohibit "proper and reasonable parental discipline" but, rather, incidents of corporal punishment that cause substantial physical injuries.
 
 State v. Suchomski
 
 ,
 
 58 Ohio St.3d 74
 
 ,
 
 567 N.E.2d 1304
 
 (1991) ;
 
 State v. Hicks
 
 ,
 
 88 Ohio App.3d 515
 
 ,
 
 624 N.E.2d 332
 
 (1993) ; cf.,
 
 State v. Ivey
 
 ,
 
 98 Ohio App.3d 249
 
 ,
 
 648 N.E.2d 519
 
 (1994) (construing R.C. 2919.22, Endangering Children).
 

 State v. Jones
 
 ,
 
 140 Ohio App.3d 422
 
 , 428-429,
 
 747 N.E.2d 891
 
 (8th Dist.2000).
 

 {¶ 55} Mincy is the head of household who, along with his wife who is also Charrell's mother, provides a home and support for Charrell and her child. Charrell admits that Mincy helps her care for the child. Yet, because Charrell's age is beyond the scope of the corporal punishment defense to domestic violence charges,
 
 [2]
 
 the absurd result is that Mincy's right to reasonably discipline or demand respect in his home has expired.
 
 See
 

 State v. Miller
 
 ,
 
 134 Ohio App.3d 649
 
 ,
 
 731 N.E.2d 1192
 
 (1st Dist.1999), where the father's disciplinary defense was invalid because his daughter was 18 years of age. The
 
 Miller
 
 dissent rejected application of a " 'bright-line rule' " and urged the adoption of an obligation-to-support until the age of 21 or similar analysis, arguably an analytical framework that is more suited to modern family circumstances.
 
 Id.
 
 at 654,
 
 731 N.E.2d 1192
 
 . I would do so in this case.
 

 {¶ 56} Charrell's self-serving testimony is the sole evidence in the record that Mincy slapped the soda from Charrell or that he touched her at all. This is true in spite of the fact that there allegedly were other witnesses to the outside exchange. Mincy told police that the altercation was verbal and, according to police testimony, he was calm and cooperative at the time. No evidence depicting the presence of the soda can was introduced.
 

 {¶ 57} Even accepting that Mincy was close enough to touch or slap Charrell, she denied suffering any injury, was not fearful, and in fact, admitted that she was trying to fight with her father, who she repeatedly referred to as "b**ch," and threatened to "beat [his] a**." (Tr. 19 and 22.) Surely, if Mincy was attempting to inflict physical harm, he was in a position to do so. I would find this case to be a case of mutual combat.
 

 {¶ 58} I would also point out that the trial court's verdict did not support the presence of the elements of R.C. 2919.25(A) which holds that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." The trial court stated that the "elements of [domestic violence] are that there's a threat of violence and the threat was proven here." (Tr. 52.) Mincy correctly
 states that the elements cited by the trial court are actually from R.C. 2919.25(C). "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
 
 Id
 
 . R.C. 2919.25(C) was not charged in this case.
 

 {¶ 59} " R.C. 2919.25(C) is not a lesser included offense of R.C. 2919.25(A)."
 
 Cleveland v. Jenkins
 
 , 8th Dist. Cuyahoga No. 80758,
 
 2002-Ohio-6046
 
 ,
 
 2002 WL 31492631
 
 , ¶ 15, citing
 
 State v. Rihm
 
 ,
 
 101 Ohio App.3d 626
 
 , 629,
 
 656 N.E.2d 372
 
 (2d Dist.1995). In
 
 Jenkins
 
 , the appellant's conviction was affirmed because the complaint tracked the language of R.C. 2919.25(A) and (C)"almost verbatim."
 
 Id.
 
 at ¶ 16. In this case, the complaint recites the provision of R.C. 2919.25(A) and (A)(2)
 
 [3]
 
 only. No element of the charged offense in this case involves a threat of violence.
 

 {¶ 60} Based on a thorough review of the record, I would find that, when viewed in a light most favorable to the city, the evidence is not sufficient to support that the elements of R.C. 2919.25(A) have been established in this case.
 

 The dissent questioned the sufficiency of the evidence and suggested that the sole focus should be on whether Stover knowingly attempted to cause his mother physical harm.
 
 Id.
 
 at ¶ 36.
 

 Evidence that Charrell suffered from a physical or mental disability extends the corporal punishment defense to the age of 21.
 

 R.C. 2919.25(A)(2) provides that the violation is a first-degree misdemeanor.